E. BRYAN WILSON
Acting United States Attorney

RYAN TANSEY
Assistant United States Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska 99701
Phone: (907) 456-0245
Fax: (907) 456-0577
Email: ryan.tansey@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JAY ALLEN JOHNSON,<br><br>    Defendant. | No. 4:21-cr-00019-RRB-SAO<br><br>**PLEA AGREEMENT** |

**Unless the parties jointly inform the Court in writing of any additional agreements, this document in its entirety contains the terms of the plea agreement between the defendant and the United States. This agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.**

# I. SUMMARY OF AGREEMENT, FEDERAL RULE OF CRIMINAL PROCEDURE 11

## A. Summary of Agreement

The defendant agrees to plead guilty to the following count(s) of the Indictment in this case: 2 and 3 - Threats to Murder a United States Official, in violation of 18 U.S.C. § 115(a)(1)(B), (b)(4). Pursuant to U.S.S.G. Section 1B1.2(c), the defendant stipulates that the factual basis set forth below would be sufficient to establish additional counts of conviction for purposes of calculating the defendant's Guidelines Range. The parties agree to recommend a sentence within the applicable Guidelines Range as determined by the Court. The United States agrees not to prosecute the defendant further for any other offense related to the event(s) that resulted in the charge(s) contained in the Indictment. After the Court accepts the plea agreement and imposes the sentence, the United States agrees to dismiss the remaining counts in the Indictment (1, 4, 5, and 6).

The defendant will waive all rights to appeal the conviction(s) and sentence imposed under this agreement. The defendant will also waive all rights to collaterally attack the conviction(s) and sentence, except on the grounds of ineffective assistance of counsel or the voluntariness of the plea(s).

## B. Federal Rule of Criminal Procedure 11

Unless the parties otherwise inform the Court in writing, Federal Rule of Criminal Procedure 11(c)(1)(A) and (B) will control this plea agreement. Thus, the defendant may not withdraw from this agreement or the guilty plea(s) if the Court rejects the parties' sentencing recommendations at the sentencing hearing.

## II. CHARGES, ELEMENTS, FACTUAL BASIS, STATUTORY PENALTIES AND OTHER MATTERS AFFECTING SENTENCE

### A. Charges

1. **The defendant agrees to plead guilty to the following count(s) of the Indictment:**

Count 2: Threat to Murder a United States Official, a violation of 18 U.S.C. § 115(a)(1)(B), (b)(4)

Count 3: Threat to Murder a United States Official, a violation of 18 U.S.C. § 115(a)(1)(B), (b)(4)

### B. Elements

The elements of the charge(s) in Counts 2 and 3 to which the defendant is pleading guilty are as follows:

1. The defendant threatened to murder or assault;
2. a United States Official, to wit: a sitting U.S. Senator;
3. with the intent to impede, intimidate, interfere with, or retaliate against that United States Official on account of the United States' Official's performance of his/her official duties.

### C. Factual Basis

The defendant admits the truth of the allegations in Counts 2 and 3 of the Indictment and the truth of the following statement, and the parties stipulate that the Court may rely upon this statement to support the factual basis for the guilty plea(s) and for the imposition of the sentence:

U.S. v. Jay Allen Johnson          Page 3 of 19
4:21-cr-00019-RRB-SAO

Senator 1 and Senator 2 are sitting United States senators.

On September 2, 2021, the defendant called Senator 1's Washington, D.C. office from Alaska and left a voicemail for Senator 1 stating, in relevant part: "Hey, [Senator 1].... you, my dear, are not welcomed in the state of Alaska. I will do everything in my power to destroy your political shit show. And I will do much more than that ok? I will find out everything, where you're at. I will find out all your properties, and I will burn everything you hope to have, and I will burn everything you hope to own, just like fucking ANTIFA. And I will use my mother fucking veteran's skills. 50 caliber shell… you ever seen what that does to a human head? Yeah well…"

On or about September 20 or 22, the defendant called Senator 2's Washington, D.C. office from Alaska and left a voicemail for Senator 2 stating, in relevant part: "sick and tired of all of you fucking politicians that continue to destroy our fucking country. I will get my fucking .50 caliber out. I will be having a GoFundMe page for the fucking shells. And I'm coming with a vengeance motherfucker."

On September 28, 2021, the defendant called Senator 1's Washington, D.C. office from Alaska and left a voicemail for Senator 1 stating, in relevant part: "fuck you [Senator 1]…. Your life is worth $5,000 dollars, that's all it's worth. And as you let in these terrorists, and assassins, guess what, I'm going to use them! I'm going to hire them!…. I'm going to use them to come and assassinate your fucking ass…. Be forewarned, bitch…. So quit talking your fucking bullshit. Just resign or get the fuck gone mother fucker or die."

U.S. v. Jay Allen Johnson  Page 4 of 19
4:21-cr-00019-RRB-SAO

Case 4:21-cr-00019-RRB-SAO   Document 52   Filed 01/03/22   Page 4 of 19

In total, between April and September 2021, the defendant left 17 threatening voicemails on the office telephones of Senator 1 and Senator 2. The defendant admits that he knowingly made the aforementioned threats to murder and assault Senator 1 and Senator 2 with the intent to impede, intimidate, and interfere with Senator 1 and Senator 2 while engaged in the performance of their official duties, and to retaliate against Senator 1 and Senator 2 on account of the performance of their official duties. The defendant admits that he made each of these telephone calls to the Washington, D.C. offices of Senator 1 and Senator 2, while the defendant himself was located in Alaska.

In addition, from on or about October 2, 2021, through October 4, 2021, the defendant knowingly possessed the below listed firearms in his Delta Junction residence while knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, namely, a 2016 conviction for a felony DUI with 2+ priors in State of Alaska Case No. 4DJ-14-00064CR. The defendant admits that the below listed firearms traveled in interstate commerce:

    1) One pistol, Taurus, Model: PT111 G2, Cal: 9mm, Serial #: TIU36585

    2) One shotgun, Mossberg, Model: 835, Cal: 12, Serial #: UM858581

    3) One revolver, Smith & Wesson, Model: 57, Cal: .41, Serial # N474238

    4) One rifle, Marlin, Model: 30AS, Cal: .30-30, Serial #: 10024789

    5) One revolver, Interarms, Model: Virginian Dragoon, Cal: .44, Serial #: 5282

    6) One revolver, Smith & Wesson, Model: 10-7, Cal: .38, Serial #: 54105

    7) One pistol, FN, Model: 509, Cal: 9mm, Serial #: GKS0073324.

D. **Statutory Penalties and Other Matters Affecting Sentence**

1. **Statutory Penalties**

The maximum statutory penalties applicable to the charges to which the defendant is pleading guilty, based on the facts to which the defendant will admit in support of the guilty plea(s), are as follows:

Counts 2 and 3: 18 U.S.C. § 115(a)(1)(B), (b)(4) (Threats to Murder a United States Official)

1) 10 years' imprisonment;

2) $250,000 fine;

3) 3 years' supervised release; and

4) $100 special assessment.

2. **Other Matters Affecting Sentence**

a. **Conditions Affecting the Defendant's Sentence**

The following conditions may also apply and affect the defendant's sentence: 1) pursuant to Comment 7 of U.S.S.G. § 5E1.2, the Court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term; 2) pursuant to 18 U.S.C.§ 3612(f), unless otherwise ordered, if the Court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date; 3) upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release; 4) the Court may order the defendant to pay restitution pursuant to the 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1, and

if 18 U.S.C. § 3663A (mandatory restitution for certain crimes) applies, the Court shall order the defendant to pay restitution.

### b. Payment of Special Assessment

The defendant agrees to pay the entire special assessment in this case on the day the Court imposes the sentence. All payments will be by check or money order and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

### c. Consequences of Felony Conviction

Any person convicted of a federal felony offense may lose or be denied federal benefits including any grants, loans, licenses, food stamps, welfare, or other forms of public assistance, as well as the right to own or possess any firearms, the right to vote, the right to hold public office, and the right to sit on a jury. If applicable, any defendant who is not a United States citizen may be subject to deportation from the United States following conviction for a criminal offense, be denied citizenship, and not permitted to return to the United States unless the defendant specifically receives the prior approval of the United States Attorney General. In some circumstances, upon conviction for a criminal offense, any defendant who is a naturalized United States citizen may suffer adverse immigration consequences, including but not limited to possible denaturalization.

### E. Restitution

There is currently no identifiable restitution owed for the offense(s) of conviction. The Court will have sole discretion ultimately to determine if the defendant has liability for any restitution.

U.S. v. Jay Allen Johnson                    Page 7 of 19
4:21-cr-00019-RRB-SAO

Case 4:21-cr-00019-RRB-SAO   Document 52   Filed 01/03/22   Page 7 of 19

## F.    Forfeiture

Defendant admits the Criminal Forfeiture Allegation of the Indictment in its entirety, and that the below-described property is subject to forfeiture to the United States.

Defendant admits that Defendant's interest, if any, in the following property is subject to forfeiture to the United States as property constituting any firearm or ammunition involved in or used in knowing violation of 18 U.S.C. §§ 922(g)(1) and/or 924, including but not limited to:

    1) One pistol, Taurus, Model: PT111 G2, Cal: 9mm, Serial #: TIU36585

    2) One shotgun, Mossberg, Model: 835, Cal: 12, Serial #: UM858581

    3) One revolver, Smith & Wesson, Model: 57, Cal: .41, Serial # N474238

    4) One rifle, Marlin, Model: 30AS, Cal: .30-30, Serial #: 10024789

    5) One revolver, Interarms, Model: Virginian Dragoon, Cal: .44, Serial #: 5282

    6) One revolver, Smith & Wesson, Model: 10-7, Cal: .38, Serial #: 54105

    7) One pistol, FN, Model: 509, Cal: 9mm, Serial #: GKS0073324.

Defendant agrees not to file a claim or withdraw any claim already filed to any of the above-described property in any forfeiture proceeding, administrative or judicial, which has been or may be initiated by the United States. Defendant further waives the right to notice of any forfeiture proceeding involving this property, agrees not to assist others in filing a claim to said property in any forfeiture proceeding, and will take all steps as requested by the United States to pass clear title to the above-described property

to the United States, including but not limited to, executing documents, and testifying truthfully in any forfeiture proceeding. Defendant further agrees to cooperate to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

Defendant understands and acknowledges that the United States is relying upon the Defendant's truthful asset forfeiture disclosure and cooperation in entering into this plea agreement. If Defendant fails to cooperate or is untruthful in this regard, the United States may declare a material breach of this plea agreement.

### III. ADVISORY UNITED STATES SENTENCING GUIDELINES, GUIDELINE APPLICATION AGREEMENTS, SENTENCING RECOMMENDATIONS

#### A. Advisory United States Sentencing Guidelines

The Court must consult the advisory United States Sentencing Commission Guidelines [U.S.S.G.] as well as the factors set forth in 18 U.S.C. § 3553(a) when considering the sentence to impose. The U.S.S.G. do not establish the statutory maximum or minimum sentence applicable to the offense(s) to which the defendant is pleading guilty. The U.S.S.G. are not mandatory and the Court is not bound to impose a sentence recommended by the U.S.S.G.

#### B. Guideline Application Agreements

The parties have no agreements on any guideline applications unless set forth below in this section.

### 1. Acceptance of Responsibility

If the United States concludes that the defendant has satisfied the criteria set out in U.S.S.G. § 3E1.1 and the applicable application notes, the United States agrees to recommend the defendant for a two-level downward adjustment for acceptance of responsibility and, if U.S.S.G. § 3E1.1(b) applies, to move for the additional one level adjustment for acceptance of responsibility. If, at any time prior to imposition of the sentence, the United States concludes that the defendant has failed to fully satisfy the criteria set out in U.S.S.G. § 3E1.1 or has acted in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

### 2. U.S.S.G. § 2A6.1(a)(1)

The parties agree that the base offense level is twelve.

### 3. U.S.S.G. § 2A6.1(b)(2)

The parties agree that the offense involved more than two threats, adding two levels.

### 4. U.S.S.G. § 3A1.2(b)

The parties agree that the defendant's threats were motivated by the victims' status as United States Senators, adding six levels.

### 5. U.S.S.G. § 1B1.2(c) and U.S.S.G. § 3D1.4

Pursuant to U.S.S.G. § 1B1.2(c), the parties agree that the factual basis for the plea agreement is sufficient to establish the commission of additional offenses for purpose of

calculating the defendant's Sentencing Guidelines Range, namely a violation of 18 U.S.C. § 922(g)(1), adding one level pursuant to U.S.S.G. § 3D1.4.

Pursuant to U.S.S.G. § 2A6.1, Application Note 3, the parties agree that Counts 2 and 3 involve different victims and "are not to be grouped under § 3D1.2," adding one level pursuant to U.S.S.G. § 3D1.4.

The United States will not request or recommend any additional upward adjustments, departures, or variances not set forth here or in the plea agreement.

### C. Sentencing Recommendations

The United States Probation Office will prepare the defendant's pre-sentence report in which it will include a recommended calculation of the defendant's sentence range under the U.S.S.G. Both the United States and the defendant will have the opportunity to argue in support of or in opposition to the guideline sentence range calculation the U.S.P.O. recommends, as well as present evidence in support of their respective sentencing arguments.

The parties agree to recommend a sentence within the Sentencing Guidelines Range as determined by the Court. The parties are otherwise free to recommend to the Court their respective positions on the appropriate sentence to be imposed in this case based on the stipulated facts set forth in Section II.C, any additional facts established at the imposition of sentence hearing, the applicable statutory penalty sections, the advisory U.S.S.G., and the sentencing factors set forth in 18 U.S.C. § 3553.

The parties additionally agree that the Court should enter a protective order pursuant to 18 U.S.C. § 1514(b) ordering that, for a period of three years starting on the

date of the defendant's release from custody, the defendant shall not contact Lisa Murkowski or Dan Sullivan. "Contact" means direct or indirect contact, including contact in-person or any form of communication, including mail, phone, e-mail, and social media. "Indirect contact" includes contact with a person whom the defendant knows to be a spouse, child, parent, sibling, extended family member, or co-worker of either Lisa Murkowski or Dan Sullivan. "Co-worker" means a person employed with Lisa Murkowski or Dan Sullivan. The parties agree that the factual basis in the plea agreement establishes by a preponderance of the evidence that harassment of an identified victim in a federal criminal case exists pursuant to 18 U.S.C. § 1514(b)(1).

## IV. ADDITIONAL AGREEMENTS BY UNITED STATES

In exchange for the defendant's guilty plea(s) and the Court's acceptance of the defendant's plea(s) and the terms of this agreement, the United States agrees that it will not prosecute the defendant further for any other offense – now known – arising out of the subject of the investigation related to the charges brought in the Indictment in this case and the defendant's admissions set forth in Section II.C.

Provided, however, if the defendant's guilty plea(s) or sentence is/are rejected, withdrawn, vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case including any charges dismissed pursuant to the terms of this agreement, which charges will be automatically reinstated as well as for perjury and false statements. The defendant hereby agrees that he/she waives any defense that the statute of limitations bars the prosecution of such a reinstated charge.

U.S. v. Jay Allen Johnson  Page 12 of 19
4:21-cr-00019-RRB-SAO

## V. WAIVER OF TRIAL RIGHTS, APPELLATE RIGHTS, COLLATERAL ATTACK RIGHTS, CLAIM FOR ATTORNEY FEES AND COSTS, AND RULE 410

### A. Trial Rights

Being aware of the following, the defendant waives these trial rights:

- If pleading to an Indictment, the right to have the charges presented to the grand jury prior to entering the guilty plea;

- The right to a speedy and public trial by jury on the factual issues establishing guilt or any fact affecting the mandatory minimum and statutory penalties, and any issue affecting any interest in any assets subject to forfeiture;

- The right to object to the composition of the grand or trial jury;

- The right to plead not guilty or to persist in that plea if it has already been made;

- The right to be presumed innocent and not to suffer any criminal penalty unless and until the defendant's guilt is established beyond a reasonable doubt;

- The right to be represented by counsel at trial and if necessary, to have a counsel appointed at public expense to represent the defendant at trial – the defendant is not waiving the right to have counsel continue to represent the defendant during the sentencing phase of this case;

- The right to confront and cross examine witnesses against the defendant, and the right to subpoena witnesses to appear in the defendant's behalf;
- The right to remain silent at trial, with such silence not to be used against the defendant, and the right to testify in the defendant's own behalf; and
- The right to contest the validity of any searches conducted on the defendant's property or person.

**B.     Appellate Rights**

The defendant waives the right to appeal the conviction(s) resulting from the entry of guilty plea(s) to the charges set forth in this agreement. The defendant further agrees that if the Court imposes a sentence that does not exceed the statutory maximum penalties – as set forth in Section II.D above in this agreement, the defendant waives without exception the right to appeal on all grounds contained in 18 U.S.C. § 3742 the sentence the Court imposes. The defendant understands that this waiver includes, but is not limited to, forfeiture (if applicable), terms or conditions of probation (if applicable) or supervised release, any fines or restitution, and any and all constitutional (or legal) challenges to defendant's conviction(s) and guilty plea[s], including arguments that the statute(s) to which defendant is pleading guilty (is/are) unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea[s] of guilty.

The defendant agrees that the appellate and collateral attack waivers contained within this agreement will apply to any 18 U.S.C. § 3582(c) modifications, as well as the district court's decision to deny any such modification.

Should the defendant file a notice of appeal in violation of this agreement, it will constitute a material breach of the agreement. The government is free to reinstate any dismissed charges, and withdraw any motions for downward departures, or sentences below the mandatory minimum made pursuant to 18 U.S.C. § 3553(e).

### C. Collateral Attack Rights

The defendant agrees to waive all rights to collaterally attack the resulting conviction(s) and/or sentence – including forfeiture (if applicable) or terms or conditions of probation (if applicable) or supervised release, and any fines or restitution – the Court imposes. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to the conviction or sentence alleging ineffective assistance of counsel – based on Indictment not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by the defendant at the time the Court imposes sentence; and 2) a challenge to the voluntariness of the defendant's guilty plea(s).

### D. Claim for Attorney Fees and Costs

Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney fees and costs from the other party.

### E. Evidence Rule 410 and Fed. R. Crim. P. 11(f)

By signing this agreement, the defendant admits the truth of the facts in the Factual Basis portion of this agreement set forth in Section II.C. The defendant agrees

that the statements made by him in signing this agreement shall be deemed usable and admissible against the defendant as stipulations in any hearing, trial or sentencing that may follow. The foregoing provision acts as a modification, and express waiver, of Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(f) and is effective upon the defendant's in-court admission to the factual basis supporting the plea(s). This provision applies regardless of whether the court accepts this plea agreement.

## VI. ADEQUACY OF THE AGREEMENT

Pursuant to Local Criminal Rule 11.2(d)(7) and (8), this plea agreement is appropriate in that it conforms with the sentencing goals that would otherwise be applicable to the defendant's case if the defendant had gone to trial and had been convicted on all counts in the charging instrument.

## VII. THE DEFENDANT'S ACCEPTANCE OF THE TERMS OF THIS PLEA AGREEMENT

I, Jay Allen Johnson, the defendant, affirm this document contains all of the agreements made between me – with the assistance of my attorney – and the United States regarding my plea(s). There are no other promises, assurances, or agreements the United States has made or entered into with me that have affected my decision to enter any plea of guilty or to enter into this agreement. If there are any additional promises, assurances, or agreements, United States and I will jointly inform the Court in writing before I enter my guilty plea(s).

I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the Court may impose if I plead guilty. If anyone, including my attorney, has done, or said anything other than what is contained in this agreement, I will inform the Court when I stand before it to enter my plea.

I enter into this agreement understanding and agreeing that the conditions set forth herein are obligatory and material to this agreement and that any failure on my part to fulfill these obligations will constitute a material breach of this agreement. If I breach this agreement, I agree the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter. If my compliance with the terms of this plea agreement becomes an issue, at an appropriate hearing, during which I agree any of my disclosures will be admissible, the Court will determine whether or not I have violated the terms of this agreement. I understand the government's burden to prove a breach will be by a preponderance of the evidence.

I understand the Court will ask me under an oath to answer questions about the offense(s) to which I am pleading guilty and my understanding of this plea agreement. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement or to enter my plea(s). I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with my attorney is privileged and confidential and cannot be

U.S. v. Jay Allen Johnson  Page 17 of 19
4:21-cr-00019-RRB-SAO

revealed without my permission. Knowing this, I agree that this document will be filed with the Court.

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the Court and enter my guilty plea(s). My attorney and I have discussed all possible defenses to the charge(s) to which I am pleading guilty. My attorney has investigated my case and followed up on any Indictment and issues I have raised to my satisfaction. My attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed the statute(s) applicable to my offense and sentence as well as the possible effect the U.S.S.G. may have on my sentence.

Based on my complete understanding of this plea agreement, I therefore admit that I am guilty of Counts 2 and 3 - Threat to Murder a United States Official, in violation of 18 U.S.C. § 115(a)(1)(B), (b)(4) of the Indictment and admit the forfeiture allegation of the Indictment in their entirety.

DATED: Jan 3, 2071

_Jay Allen Johnson_
JAY ALLEN JOHNSON
Defendant

As counsel for the defendant, I have conveyed all formal plea offers. I have discussed the terms of this plea agreement with the defendant, have fully explained the charge(s) to which the defendant is pleading guilty, the necessary elements thereto, all possible defenses, and the consequences of a guilty plea to a felony. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question the defendant's competence to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: 12/26/2021

JASON WEINER

Attorney for Jay Allen Johnson

On behalf of the United States, the following accepts the defendant's offer to plead guilty under the terms of this plea agreement.

DATED: 1/3/2022

E. BRYAN WILSON
United States of America
Acting United States Attorney

U.S. v. Jay Allen Johnson        Page 19 of 19
4:21-cr-00019-RRB-SAO